JOHNSON BOTTINI, LLP
FRANK J. JOHNSON (174882)
frankj@johnsonbottini.com
BRETT M. WEAVER (204715)
brett@johnsonbottini.com
501 W. Broadway, Suite 1720
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 238-0622

COHEN COOPER ESTEP & ALLEN, LLC
STEVEN J. ESTEP (GA Bar No. 250450)
sestep@ccealaw.com
JEFFERSON M. ALLEN (GA Bar No. 010898)
jallen@ccealaw.com
Admitted Pro Hac Vice
3330 Cumberland Boulevard, Suite 600
Atlanta, Georgia 30339
Telephone: (404) 814-0000
Facsimile: (404) 816-8900

*Attorneys for Creditor Cold Smoke Finance LLC*

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>DAVID KAHN<br><br>Debtor. | Case No. 10-12306-PB7<br><br>Chapter 7<br><br>**CREDITOR COLD SMOKE FINANCE, LLC'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF DAVID KAHN AND TIM MCCALLUM**<br><br>DATE: May 2, 2011<br>TIME: 10:30 a.m.<br>DEPARTMENT: Four<br>COURTROOM: 328<br><br>HONORABLE PETER W. BOWIE |

Creditor Cold Smoke Finance, LLC ("Cold Smoke") submits the following Evidentiary Objections To The Declarations Submitted In Connection With Debtor David Kahn's Objection to Cold Smoke's Proof of Claim No. 11:

**OBJECTIONS TO THE DECLARATION OF DAVID KAHN**

| EVIDENCE | OBJECTIONS & AUTHORITIES | RULING ON THE OBJECTION |
|---|---|---|
| 5. I understand that SMOKE FINANCE contends that Tim McCallum and All-Star Apparrel, Inc., a Nevada corporation ("All Star") and each of them defrauded SMOKE FINANCE by making false statements in order to borrow funds from SMOKE FINANCE.<br><br>Kahn Decl. ¶ 5. | Lacks Foundation / Lack of Personal Knowledge (Fed. R. Evidence § 602). Kahn does not provide any basis for how he would have personal knowledge of Cold Smoke's allegations.<br><br>Hearsay (Fed R. Evidence § 801(c)). To the extent Kahn bases his allegation on the contents of statements from Dan Brooks (President of Cold Smoke) or the contents of pleadings, the testimony and contents of such writings is hearsay. | Sustained: _____<br><br>Overruled: _____ |
| 6. Specifically, I understand that SMOKE FINANCE contends that Mr. McCallum, All-Star and each of them represented to SMOKE FINANCE that . . .<br><br>Kahn Decl. ¶ 6. | Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602). Kahn does not provide any basis for how he would have personal knowledge of Cold Smoke's allegations.<br><br>Hearsay (Fed R. Evidence § 801(c)). To the extent Kahn bases his allegation on the contents of statements from Dan Brooks (President of Cold Smoke) or the contents of pleadings, the testimony and contents of such writings is hearsay. | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | 10.    I understand that SMOKE FINANCE contends that its principal, Dan Brooks, first began discussion with Tim McCallum in Spring 2007 about SMOKE FINANCE providing loans to All Star.<br><br>Kahn Decl. ¶ 10. | Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602).  Kahn does not provide any basis for how he would have personal knowledge of Cold Smoke's allegations.<br><br>Hearsay (Fed R. Evidence § 801(c)).  To the extent Kahn bases his allegation on the contents of statements from Dan Brooks (President of Cold Smoke) or the contents of pleadings, the testimony and contents of such writings is hearsay. | Sustained: _____<br><br>Overruled: _____ |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 12.    Attached hereto as Exhibit A is a true and correct copy of the Declaration of Tim McCallum, which was executed by him on February 11, 2011.  I received the Declaration of Tim McCallum directly from Mr. McCallum on February 11, 2011.<br><br>Kahn Decl. ¶ 12. | Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602).  Kahn does not provide any basis for how he would have personal knowledge of Cold Smoke's allegations.<br><br>Hearsay (Fed R. Evidence § 801(c)).  To the extent Kahn bases his allegation on the contents of statements from Dan Brooks (President of Cold Smoke) or the contents of pleadings, the testimony and contents of such writings is hearsay.<br><br>In addition, the Declaration of Tim McCallum should be stricken and/or disregarded in whole or in part for reasons specifically described below. | Sustained: _____<br><br>Overruled: _____ |

**OBJECTIONS TO THE DECLARATION OF TIM MCCALLUM –
<u>EXHIBIT A TO DECLARATION OF DAVID KAHN</u>**

| EVIDENCE | OBJECTIONS & AUTHORITIES | RULING ON THE OBJECTION |
|---|---|---|
| 2.    According to Court Records submitted by Dan Brooks, The Family Office, LLC ("TFO") is a Georgia limited liablity company and Dan Brooks is its President, CEO and sole member.<br><br>McCallum Decl. ¶ 2. | Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602).  McCallum does not provide any basis for how he would have personal knowledge of The Family Office's ownership or organizational structure.<br><br>Hearsay (Fed R. Evidence § 801(c)).  To the extent McCallum bases his allegation on the contents of statements from Dan Brooks (President of Cold Smoke) or the contents of other court filings, the testimony and contents of such writings is hearsay. | Sustained: _____<br><br>Overruled: _____ |
| 3.    According to Court Records submitted by Dan Brooks, Cold Smoke Finance, LLC ("Cold Smoke") . . . Cold Smoke is the successor interest of TFO and assignee of TFO's unsecured loans with All Star.<br><br>McCallum Decl. ¶ 6. | Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602).  McCallum does not provide any basis for how he would have personal knowledge of The Family Office's ownership or organizational structure.<br><br>Hearsay (Fed R. Evidence § 801(c)).  To the extent McCallum bases his allegation on the contents of statements from Dan Brooks (President of Cold Smoke) or the contents of other court filings, the testimony and contents of such writings is hearsay. | Sustained: _____<br><br>Overruled: _____ |

| | | |
|---|---|---|
| 4.  Beginning in or around April 10, 2007, Dan Brooks, through TFO began making a series of unsecured loans to All Star that irrevocably submitted to the jurisdiction and venue of the State of California and were executed with provisions for governance, construction and interpretation pursuant to the laws of the State of California. . . which I now believe is usurious.<br><br>McCallum Decl. ¶ 4. | Hearsay (Fed R. Evidence § 801(c)).  To the extent McCallum bases his allegation on the contents of statements from Dan Brooks (President of Cold Smoke) or the contents of other court filings, the testimony and contents of such writings is hearsay.<br><br>Improper Opinion Testimony (Fed R. Evidence § 702).  McCallum is not competent to offer testimony about California Law or whether documents he references (but does not attach to the declaration) comply with such law. | Sustained: _____<br><br>Overruled: _____ |
| 5.  The loans arose out of discussions with Michael Traa, who is Dan Brooks and TFO's agent/fund manager. . . Michael Traa represented that he managed and controlled a significant amount of funds for Dan Brooks and/or TFO.<br><br>McCallum Decl. ¶ 5. | Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602).  McCallum does not provide any basis for how he would have personal knowledge of Traa's business relationship with Dan Brooks.<br><br>Hearsay (Fed R. Evidence § 801(c)).  To the extent McCallum bases his allegation on the contents of statements from Mike Traa such testimony is impermissible hearsay.<br><br>Improper Opinion Testimony (Fed R. Evidence § 702).  McCallum is not competent to offer testimony about whether or not Traa is or was an agent of Cold Smoke as that relationship requires a legal conclusion to be determined by the Court not a lay witness. | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| 1-13 | 6. David Kahn had no knowledge of any of the disussions, conversations, representations or negotiations between myself and/or All Star and Michael Traa. . . .<br><br>McCallum Decl. ¶ 6. | Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602). McCallum cannot possibly know what knowledge is in the mind of David Kahn, unless of course this Declaraton was actually written by David Kahn and simply signed by Mr. McCallum.<br><br>Hearsay (Fed R. Evidence § 801(c)). To the extent McCallum did actually write the text of the declaration (which is questionable) this statement about Mr. Kahn's lack of "knowledge" could only be based upon Kahn's statement to McCallum, and such testimony is impermissible hearsay. | Sustained: _____<br><br>Overruled: _____ |
| 14-27 | 7. Kahn believed the funds McCallum was investing with Kahn were coming from the All Star business.<br><br>McCallum Decl. ¶ 7. | The use of the third person by Declarant actually supports Cold Smoke's supposition that this declaration was actually drafted by Kahn, not McCallum. Regardless the statement is objectionanable and should be stricken/disregarded.<br><br>Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602)). McCallum cannot possibly know what knowledge is in the mind of David Kahn, or what David Kahn did or did not believe, unless of course this Declaraton was actually written by David Kahn and simply signed by Mr. McCallum.<br><br>Hearsay (Fed R. Evidence § 801(c). To the extent McCallum did actually write | Sustained: _____<br><br>Overruled: _____ |

| | | |
|---|---|---|
| | the text of the declaration (which is questionable) this statement about Mr. Kahn's "belief" could only be based upon Kahn's statement to McCallum, and such testimony is impermissible hearsay. | |
| 8.     When TFO began making these series of unsecured loans, TFO did not conduct due diligence on All Star nor was All Star requried to provide . . .<br><br>McCallum Decl. ¶ 8. | Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602).  McCallum cannot possibly know what due diligence was performed by TFO/Cold Smoke, because such actions were by definition performed by another party.  The fact that McCallum may be unaware of such due dilligence investigation does not allow him to speculate that none took place. | |
| 9.     Further, the loan documents had no provisions for use of proceeds.<br><br>McCallum Decl. ¶ 9. | Hearsay (Fed R. Evidence § 801(c)).  To the extent McCallum bases his allegation on the contents of documents (not attached to the Declaration) the testimony and contents of such writings is hearsay. | |
| 10.     David Kahn didn't have any knowledge whatsover regarding TFO's lack of due dilligence, had never seen any TFO loan documents or consulting agreements, or any provisional purchase order forms until after Cold Smoke brought suit.<br><br>McCallum Decl. ¶ 10. | Lacks Foundation/Lack of Personal Knowledge (Fed. R. Evidence § 602).  McCallum cannot possibly know what knowledge is in the mind of David Kahn, or what David Kahn did or did not know about TFO's due diligence, unless of course this Declaraton was actually written by David Kahn and simply signed by Mr. McCallum.<br><br>Hearsay (Fed R. Evidence § 801(c)).  To the extent McCallum did actually write the text of the declaration | |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | (which is questionable) this statement about Mr. Kahn's "knowledge" could only be based upon Kahn's statement to McCallum, and such testimony is impermissible hearsay. | |

Dated: March 16, 2011

JOHNSON BOTTINI, LLP
FRANK J. JOHNSON
BRETT M. WEAVER

 /s/ Brett M. Weaver
BRETT M. WEAVER

501 W. Broadway, Suite 1720
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 238-0622

COHEN COOPER ESTEP & ALLEN, LLC
STEVEN J. ESTEP (GA Bar No. 250450)
JEFFERSON M. ALLEN (GA Bar No. 010898)
Admitted Pro Hac Vice
3330 Cumberland Boulevard, Suite 600
Atlanta, Georgia 30339
Telephone: (404)814-0000
Facsimile: (404)816-8900

*Counsel for Creditor Cold Smoke Finance, LLC*